United States District Court
Southern District of Texas
**ENTERED**
February 05, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, § § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-1265 |
| § | |
| MEGASAND ENTERPRISES, INC., § § | |
| Defendant. § | |

## ORDER

Pending before the Court is the Defendant Megasand Enterprises, Inc.'s ("Megasand") Motion to Dismiss for Failure to Join Indispensable Parties. (Doc. No. 17). The Plaintiff Everest National Insurance Company ("Everest") filed a response (Doc. No. 18). After considering the motion, briefing, and applicable law, the Court hereby denies the motion.

### I. Background

This is an insurance-coverage dispute. Everest is Megasand's insurer. Megasand has been sued in tort by various property owners in state court and those suits have been transferred to a state multi-district litigation court (the "Underlying Lawsuits"). Everest filed this declaratory judgment action seeking a declaration that Everest has "no duty to defend" Megasand in the Underlying Lawsuits and "no duty to indemnify" Megasand against the claims asserted in the Underlying Lawsuits. (Doc. No. 1 at 14). Megasand has now moved to dismiss under Rule 12(b)(7) claiming that the claimants in the Underlying Lawsuits (the "Underlying Claimants") are indispensable parties under Federal Rule 19.

## II. Legal Standard

Rule 12(b)(7) allows a party to move to dismiss an action by asserting the defense of "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 deals with the joinder of required and indispensable parties and requires a two-step analysis. Fed. R. Civ. P. 19. First, the Court must decide under Rule 19(a) whether a person should be joined. *Nat'l Cas. Co. v. Gonzalez*, 637 Fed. Appx. 812, 814 (5th Cir. 2016). If the Court decides the person should be joined, Rule 19(b) provides the framework to decide whether the case should be dismissed if the person cannot be joined. *Id.* As for the first step, a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If, after doing this analysis, the Court finds the party should be joined, but cannot do so because joinder would destroy jurisdiction, the Court must determine whether the absent party is indispensable. *Turner v. Pavlicek*, CIV.A. H-10-00749, 2011 WL 4458757, at *8 (S.D. Tex. Sept. 22, 2011). The factors to consider are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). "If the balance of these factors results in a finding that the absent party is indispensable, then the case must be dismissed. If not, the case may continue without joining the additional party." *Turner*, CIV.A. H-10-00749, 2011 WL 4458757, at *8.

The "party advocating joinder has the initial burden of demonstrating that a missing party is necessary," but after the Court determines "the facts indicate[] that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). The Court may base its determinations on "the allegations of the complaint and the affidavits and other proofs adduced in contradiction or support thereof." *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 n.5 (5th Cir. 1956) (court may look at documents beyond the pleadings when deciding motions to dismiss under Rule 12(b) (1) through (5) and (7)).

### III. Analysis

Here, Megasand contends that the Underlying Claimants are necessary parties under Rule 19(a)(1)(B)(i)—their ability to protect their interest in the litigation will be impaired or impeded without their joinder.[1] (*See* Doc. No. 17 at 4–5). In support of this contention, Megasand relies entirely on *Ranger Ins. Co. v. United Hous. of N.M., Inc.*, 488 F.2d 682 (5th Cir. 1974), where the Fifth Circuit did determine that absent plaintiffs who had already gotten a judgment against the insured were necessary parties under Rule 19(a)(1)(B)(i) in the declaratory judgment coverage dispute between the insured and its insurer.

---

[1] Megasand does not, and could not, contend that the Underlying Claimants are required parties under Rule 19(a)(1)(A) because it is clear that the Underlying Claimants' joinder is not necessary for the Court to afford complete relief among the existing parties. *See* Fed. R. Civ. Pro. 19(a)(1)(A). Megasand and Everest are the only parties to their insurance contracts, so the Court needs no other parties to afford the complete relief for which Everest asks of a declaration construing the coverage.

3

Nevertheless, The Fifth Circuit has since distinguished *Ranger* from facts that are more similar to those here in *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187 (5th Cir. 2017). *Singing River*, like this case, was a declaratory judgment action by an insurer against its insured. 850 F.3d at 193. The insured had been sued under various theories for allegedly underfunding its retirement system and its insurer sought a declaration that the policy did not provide coverage for those lawsuits. *Id.* at 191–93. The insured moved to join the plaintiffs in the underlying lawsuits under Rule 19(a)(1)(B)(i), contending they were required parties. *Id.* at 193. The district court denied the motion, *id.*, and the appellate court affirmed the district court's denial of the motion and in doing so distinguished *Ranger* in three ways that are all applicable here as well.

First, the court recognized that in *Ranger*, the proposed plaintiffs were unable to intervene because their presence would have divested the court of diversity jurisdiction. *Id.* at 201. In *Singing River*, the insurance plaintiffs could have intervened because they were diverse; therefore, they "h[ad] means to protect their interest." *Id.* Here, Megasand has not provided the Court with any evidence of the Underlying Claimants' citizenship, but does contend that "[e]ach of the Plaintiffs in the underlying case are represented as being residents of Texas or Texas-based entities." (Doc. No. 17 at 5). Assuming this is true, if the Underlying Claimants wanted to intervene and "protect their interest," they theoretically could without this Court losing jursidiction.[2]

Next, the Fifth Circuit in *Singing River* noted that the proposed parties had "the same interest as Medical Insureds—maximizing coverage—so, . . . their interests are protected by the Medical Insureds' vigorous litigation in the coverage dispute." 850 F.3d at 201. The situation here is the same. Assuming the Underlying Claimants' have an interest in the outcome of this coverage

---

[2] It should also be noted that, if it is true that the Underlying Claimants could be joined without destroying jurisdiction, then the correct course of action upon determining that they are required parties would be to order them joined, not to dismiss the action. *See* Fed. R. Civ. P. 19(b) (analysis of whether to dismiss the action only happens when a required party "cannot be joined").

4

dispute, that interest is to ensure Megasand has enough money to pay eventual judgments or settlements, if any. Likewise, Megasand's interest is for the Court to determine that it is Everest's responsibility to pay, thus ensuring there is enough money to pay the Underlying Claimants. Megasand's "vigorous litigation" in this suit would protect any interest the Underlying Claimants have.

Finally, the Fifth Circuit in *Singing River* recognized as significant that the plaintiffs in the underlying lawsuits had not moved to intervene. 850 F.3d at 201. It cited to a First Circuit case in which the court noted that the court should not second-guess an alleged required party's "decision to forgo intervention" absent special circumstances because the party did "not deem its own interests substantially threatened by the litigation." *Id.* (quoting *United States v. San Juan Bay Marina*, 239 F.3d 400, 407 (1st Cir. 2001)). Here, similarly, the Underlying Claimants have not moved to intervene in this action, ostensibly because they do not believe their interest threatened by this declaratory judgment action. Moreover, Everest has filed with this Court stipulations from the Underlying Claimants that they did not want to be joined and that they agree to be bound by the judgment of this Court as it pertains to the insurance coverage. (*See* Doc. Nos. 13, 14, 15). In exchange for such a promise, Everest promised to the Underlying Claimants that it would not seek to join them in this proceeding. (*Id.*). Not only have the Underlying Claimants not intervened here, it appears they prefer to not be joined, and therefore must not believe that their interests are threatened.

Just as the underlying claimants were not required parties in *Singing River* such that their joinder would be necessary, the Underlying Claimants here are not required parties. Therefore, the Court need not continue to the second step of the Rule 19 analysis. *Gonzalez*, 637 Fed. Appx. at 814 (Court only moves on to step two if it determines that the party is required).

## IV.   Conclusion

For the foregoing reasons, Megasand's motion to dismiss is denied.

Signed at Houston, Texas, this ___5st___ day of February, 2021.

                                            Andrew S. Hanen
                                            United States District Judge